Robert K. Beck, Esq., ISB No. 2780
Robert K. Beck & Associates, P.C.
3456 East 17th Street, Suite 215
Idaho Falls, Idaho 83406
EMAIL: jlbecklaw@ida.net
Telephone: (208) 524-2664
Facsimile: (208) 524-2707

Counsel for Plaintiff



IN THE SIXTH JUDICIAL DISTRICT, COUNTY OF BANNOCK
IN AND FOR THE STATE OF IDAHO

| | |
|---|---|
| VERONICA J. CRISOSTOMOA (a/k/a VERONICA J. TAYLOR), | Case No.: CV-17-3540OC |
| Plaintiff, | COMPLAINT |
| vs. | DAVID C. NYE |
| TARGET CORPORATION and JOHN DOES I-III | Status: AP Filing Fee: $221.00 |
| Defendants. | |

COMES NOW the above plaintiff and for her cause of action against the defendants herein, says and alleges as follows:

1. The plaintiff at all times pertinent hereto was a resident of Bonneville County, State of Idaho.

Verified complaint — COPY — Page 1

2. Defendant Target Corporation (hereinafter referred to as "Target") is a Minnesota Corporation licensed to operate a large scale department store that engages in retail sales business within the State of Idaho.

3. At all times pertinent hereto, defendants John Does I through III are person(s) or entities who may have been agents of or worked for Target and assisting in providing "in store" transportation devices. Also, the said John Does may be persons or companies who manufactured, owned, modified or repaired the scooter plaintiff was using at the Target Store located in Ammon, Idaho. Plaintiff may amend her complaint to name one or more of the John Does once discovery has meaningfully commenced.

4. On or about April 2, 2016, the plaintiff entered the Target store located in Ammon, Idaho where upon she inquired about the scooters the store supplied for the use of various customers who may suffer disabilities associated with ambulation. Plaintiff asked an employee various questions about the scooter which included an effort by the plaintiff to determine if the scooter (as indicated by the employee) was able to provide safe and simple slow moving transportation to allow her to purchase various items in the Target Store.

5. As the plaintiff was driving the scooter through the store, she attempted to make a right hand turn when the scooter suddenly increased its speed. This sudden malfunction of the scooter was totally unexpected and alarming. As a result, the plaintiff lost control of the scooter and slammed into a metal gondola causing injury to her person.

6. At all times pertinent hereto, plaintiff exercised due care, caution and circumspection for the safety of herself and others located in the store.

## COUNT I - NEGLIGENCE

7. Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 6 herein.

8. Defendants owed a duty of care to act in a reasonable manner and to refrain from negligent acts that may result in injury to plaintiff while she was operating a scooter that was designated as a transportation device for customers in the Target Store.

9. Defendants were negligent in their actions, including but not limited to the following acts:

   a. failing to properly instruct the plaintiff regarding the operation of the scooter without regard for her safety;

   b. failing to properly inspect the scooters before advising customers that the scooters were safe to use;

   c. failing to perform appropriate maintenance on the scooters before advising the customers the scooters were safe to use;

   d. failing to properly repair the scooters before advising the customers the scooters were safe to use;

   e. failing to warn the customers that the scooters were not safe to use;

10. As a direct and proximate result of the negligence of the defendants herein, plaintiff has suffered past and future special damages in the form of medical bills in an amount to be determined at trial.

11. As a further direct and proximate result of the negligence of the defendants, plaintiff has incurred general damages in the past and in the future in the form of physical pain and mental suffering in an amount to be determined at trial.

12. Plaintiff has been required to file this lawsuit and is entitled to recover the costs and fees allowable under Idaho law.

13. Plaintiff believes that her damages herein exceeded the amount of $100,000.00.

14. Plaintiff states her intent to add a claim for punitive damages in compliance with the laws of the State of Idaho (or any other appropriate cause of action) following discovery and/or at trial, and the failure to specifically plead entitlement to punitive damages herein does not constitute a waiver of the right to do so by amendment at a later date.

WHEREFORE, plaintiff respectfully prays that the judgment, order and decree of this court be as follows:

1. That plaintiff be awarded her general damages in an amount to be proven at trial;

2. That plaintiff be awarded special damages in an amount to be proven at trial;

3. That plaintiff be awarded costs and fees incurred and to be incurred herein;

4. That plaintiff be awarded any and all such other and further relief as the court deems just and equitable in the premises.

Dated this 16th day of August, 2017.

_____
Robert K. Beck

9/25/2017                                    000211086G0001                                    6020170925004049