UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| VERONICA J. CRISOSTOMO aka VERONICA J. TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>TARGET CORPORATION,<br><br>Defendant. | Case No. 4:17-cv-00422-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

The Court has before it Defendant's Motion for Summary Judgment (Dkt. 28). Crisostomo represents herself *pro se* in this matter. Therefore, the Court notified Crisostomo of the summary judgment motion, along with an explanation of her right to respond to the motion. However, the time for responding to the motion has passed, and Crisostomo has not responded. Accordingly, the Court will address the motion for summary judgment based solely on Target's brief and supporting documents.

**BACKGROUND**

Crisostomo filed her complaint in Idaho state court, but the case was removed to this Court based on diversity jurisdiction. The complaint asserts a sole count of negligence. That claim alleges that Crisostomo crashed while riding one of Target's store scooters at a Target store in Ammon, Idaho. Crisostomo claims she crashed because the

scooter was defective. In January 2018, Crisostomo's attorney asked to withdraw as counsel for Crisostomo, and the Court granted the motion. Although the Court gave Crisostomo additional time to retain new counsel, she failed to do so. Target then filed its motion for summary judgment, and Crisostomo failed to respond.

## LEGAL STANDARD

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id*. at 327. "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). There must be a genuine dispute as to any *material* fact – a fact "that may affect the outcome of the case." *Id.* at 248.

The evidence must be viewed in the light most favorable to the non-moving party, and the Court must not make credibility findings. *Id.* at 255. Direct testimony of the non-movant must be believed, however implausible. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1159 (9th Cir. 1999). On the other hand, the Court is not required to adopt

unreasonable inferences from circumstantial evidence. *McLaughlin v. Liu*, 849 F.2d 1205, 1208 (9th Cir. 1988).

The moving party bears the initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). To carry this burden, the moving party need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000).

This shifts the burden to the non-moving party to produce evidence sufficient to support a jury verdict in her favor. *Deveraux*, 263 F.3d at 1076. The non-moving party must go beyond the pleadings and show "by her [ ] affidavits, or by the depositions, answers to interrogatories, or admissions on file" that a genuine dispute of material fact exists. *Celotex,* 477 U.S. at 324.

## ANALYSIS

Target contends the scooter was not defective, and it has produced evidence to that effect. The declarations of the Target store manager and other employees establish that the scooter was tested shortly after the alleged incident, and no defects were found. *See Francis Decl.*, Dkt. 28-2; *Schreibeis Decl.*, Dkt. 28-3; *Warren Decl.*, Dkt. 28-4. The scooter was test driven by several employees, and there were no malfunctions. *Id.* The scooter was returned to service within a few days of the incident in April 2016, and it has

been problem-free since. Crisostomo has provided no contrary evidence from either an expert or lay witness.

Under these circumstances, Target has met its initial burden of demonstrating the absence of a genuine dispute as to material fact. *Devereaux v. Abbey*, 263 F.3d 1070, 1076 (9th Cir. 2001)(en banc). As explained above, to carry this burden, Target need not introduce any affirmative evidence (such as affidavits or deposition excerpts) but may simply point out the absence of evidence to support the nonmoving party's case. *Fairbank v. Wunderman Cato Johnson,* 212 F.3d 528, 532 (9th Cir.2000). The burden therefore shifts to Crisostomo, but she has not produced any evidence to create a genuine issue of material fact on whether the scooter was defective, or to support a jury verdict in her favor. *Deveraux*, 263 F.3d at 1076. Accordingly, summary judgment in favor of Target is warranted.

## ORDER

**IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment (Dkt. 28) is **GRANTED**.
2. The Court will enter a separate judgment in accordance with Fed. R. Civ. P. 58.

DATED: July 30, 2018

B. Lynn Winmill
Chief U.S. District Court Judge